Case 1:23-cv-08332-LDH-LKE   Document 11   Filed 03/04/24   Page 1 of 3 PageID #: 96



| | **THE CITY OF NEW YORK** | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Shinequa Charles**<br>Labor and Employment Law Division<br>phone: (212) 356-2458<br>email: shcharle@law.nyc.gov |

February 29, 2024

Via ECF
Honorable Robert M. Levy
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza E.
Brooklyn, NY 11201

        Re:    Fugelsang v. The Department of Education of the City of New York
                  23-CV-8332 (RML)

Dear Judge Levy:

       I am an Assistant Corporation Counsel in the Office of the Corporation Counsel and I am assigned to represent Defendant the Department of Education of the City of New York in the above-referenced matter. In accordance with Your Honor's Individual Practices, I write to set forth the grounds for defendant's anticipated Rule 12(b) motion to dismiss the complaint and to request a pre-motion conference.

       Plaintiff brings this action asserting claims under Title VII of the Civil Rights Act of 1964, the New York State Executive Law § 296 ("SHRL"), the New York City Administrative Code § 8-107 ("CHRL"), the First and Fifth Amendments, and 42 U.S.C. § 1983 (Equal Protection Due Process violations) as well as 42 U.S.C. § 1981[1]. Specifically, plaintiff asserts claims that he was subjected to religious discrimination and denied a reasonable accommodation, deprived of his Fourteenth Amendment Right to equal protection and First Amendment rights to free speech and religion. Furthermore, Plaintiff claims he was denied his due process right as a tenured teacher. Defendant intends to move to dismiss the complaint on the following grounds:

**A.**    **Notice of Claim and Statute of Limitations**

      A timely notice of claim for Plaintiff's SHRL, CHRL, and Educational Law claims was not filed, therefore, these claims are outside the statute of limitations. See New York Education Law§ 3813(1), § 3813(2-b). Plaintiff alleges being subjected to discrimination as early as October 4, 2021. Thus, Plaintiff needed to file a notice of claim by January 2, 2022.

---

[1] 42 U.S.C. § 1983 provides the sole federal remedy for discrimination claims brought against a state actor. See Duplan v City of NY, 888 F.3d 612, 621 (2d Cir 2018)

B.      **Religious Discrimination**

   1.      **Undue Hardship**

Under Title VII it is prohibited for employers to discriminate against employees on the basis of religion. 42 U.S.C. § 2000e-2(a)(1). The statute requires an employer to "reasonably accommodate" an employee's "religious observance or practice," unless doing so would impose "undue hardship on the conduct of the employer's business." Riley v NY City Health & Hosps. Corp., No. 22-cv-2736 (JGK), 2023 U.S. Dist. LEXIS 27562, at *6-7 (S.D.N.Y. Feb. 17, 2023). Under the SHRL, "it shall be an unlawful discriminatory practice" for an employer to discharge or discriminate against an employee "in compensation or in terms, conditions, or privileges of employment" because of the employee's "creed." See Algarin v NYC Health + Hosps. Corp., No.22 CV 8340(JLR), 2023 U.S. Dist. LEXIS 108666, at *14 (S.D.N.Y. June 23, 2023). While under the CHRL, in order to adequately allege a failure to accommodate a religious belief claim Plaintiff must allege that "(1) he has a bona fide religious belief that conflicts with an employment requirement; (2) he informed the employer of his belief; and (3) he was disciplined for failing to comply with the conflicting employment requirement." Marte v. Monetefiore Med. Ctr., No. 22-CV-03491(CM), 2022 U.S. Dist. LEXIS 186884, at *19 (S.D.N.Y. Oct. 12, 2022). Both Southern and Eastern District Courts have found that an accommodation becomes an undue hardship if it would require the employer to violate a law. See Riley, 2023 U.S. Dist. LEXIS 27562, at *7; Hui-Wen Chang v NY City Dept. of Educ., No. 16-CV 2373 (KAM)(LB), 2019 U.S. Dist. LEXIS 167955, at *254(EDNY Sep. 27, 2019). Defendant would have violated state law by allowing Plaintiff to work unvaccinated and as such it was an undue hardship to allow Plaintiff to continue working without getting vaccinated. Additionally, Plaintiff failed to allege a sincerely held religious belief. See Ex. H to the Complaint; see also Riley, 2023 U.S. Dist.LEXIS 27562, at *7. Plaintiff purports to be a devoted Catholic all his life, but also asserst that he has no problem with modern medicine. Thus, Plaintiff has failed to allege a claim of religious discrimination under Title VII, SHRL, and CHRL.

   2.      **Interactive process or Cooperative Dialogue**

Under the SHRL "there is no independent cause of action for the failure to engage in an interactive process" thus, this claim must be dismissed. Heiden v. New York City Health & Hosps. Corp., No. 20-CV10288 (LJL), 2023 US Dist. LEXIS 5583, at *109 (SDNY Jan. 11, 2023). Under the CHRL, courts have found that the City engaged in a cooperative dialogue by establishing and adequately informing its employees of its procedure to submit accommodation requests and appeal denials. See Marsteller v. City, et al., 2023 NY Slip Op 03308, 2-3 (1st Dept. 2023). The defendant adequately informed Plaintiff about the procedures to submit an accommodation request and the appeal process and the Plaintiff availed himself to those opportunities. Thus, Defendant did engage in cooperative dialogue.

C.      **Fourteenth Amendment Claims**

To succeed on a selective enforcement claim pursuant to § 1983, a plaintiff must plead facts that establish (1) the plaintiff was treated differently from a similarly situated individual; and, (2) that the "treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." See Williams v. City of N.Y., No. 14-CV-2191 (ARR), 2016 U.S. Dist. LEXIS 191214, at *19 (E.D.N.Y. Mar. 23, 2016). Plaintiff has not sufficiently pled that he bears a close resemblance to any similarly situated individual who received more favorable treatment than Plaintiff. See, e.g., Mora v. N.Y. State Unified Ct. Sys., No. 22 CV10322 (VB), 2023 U.S. Dist. LEXIS 166411, *31 (S.D.N.Y. Sep. 19, 2023). Moreover, for the same reasons that Plaintiff's free-exercise claim fails under a rational-basis analysis (see supra), his equal-protection claim alleging religious discrimination fares no better. Plaintiff's Fourteenth Amendment claims fail and must be dismissed.

D.  **First Amendment and Fifth Amendment Takings Clause Claim**

The First Amendment provides that "congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech." USCS, amend. I. To properly state such a claim, it is incumbent upon plaintiff to allege that there was some sort of "law," or "rule, policy, or statute that burdens a religious practice." See Seabrook v. City of New York, 2000 U.S. App. LEXIS 6218, at *3 (2d Cir. Apr. 4, 2000). The Second Circuit has found that the Covid Vaccine Mandate was facially neutral and generally applicable because it "applies to the entire class of people" including "DOE employees and other comparable employees." See Bonilla v. City of NY, No. 22-CV7113 (AT), 2023 U.S. Dist. LEXIS 215081, at *8 (S.D.N.Y.. Dec. 4, 2023). Because the policy is facially neutral, defendant only must identify a rational basis for its enforcement. Here, that rational basis is to help prevent the spread of the virus.

With respect plaintiff's claims that his right to free speech was violated, "a free speech claim requires first that a plaintiff allege that he engaged in Constitutionally-protected speech. See Lopez v Bay Shore Union Free Sch. Dist., No. 09 CV502(ADS)(ARL), 2009 U.S. Dist LEXIS 104894, at* 418(E.D.N.Y. Nov. 9, 2009). Plaintiff's complaint is devoid of any allegation that he engaged in any protected speech or was otherwise subjected to an adverse employment act because of said speech.

To the extent that Plaintiff is asserting a Fifth Amendment takings clause claim because Defendant terminated from his jobs without due process, the argument is without merit. Here, Plaintiff was given adequate notice on how to apply for an exemption and appeal a decision. "A civil rights action, 'is not a means for litigating in a federal forum whether a state or local administrative decision was arbitrary and capricious.'" Herlihy v. City of New York, 654 F App'x 40, 43 (2d Cir 2016). Therefore, Plaintiff has failed to state a case of action that Defendant violated his First or Fifth Amendment Rights.

E.  **Due Process**

To state a substantive due process claim a plaintiff must plead that a constitutional right is at stake and that "the state action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience. Maniscalco v NY City Dept. of Educ., No. 21 CV5055(BMC), 2021 U.S. Dist. LEXIS 184971, at *39 (E.D.N.Y. Sep. 23, 2021). Plaintiff alleges his termination is in violation of Education Law § 3020 which states: "No person enjoying the benefits of tenure shall be disciplined or removed during a term of employment except for just cause…" The purpose of Educational Law § 3020 is to protect tenured educators from arbitrary imposition of formal *discipline.* Maniscalco v Bd. of Educ. of the City Sch. Dist. of the City of NY, 2022 NY Slip Op 30893[U], *6 (Sup Ct, NY County March 15, 2022). Since vaccination is a qualification of employment, Plaintiff has failed to sufficiently allege Defendant violated Educational Law § 3020 and 3020-a as those statutes deal with disciplinary actions. Further, Plaintiff was provided with due process in that he was provided notice and an opportunity to be heard. See ECF Dkt. #1 Exs B, H. Further, "property interests related to employment are not among protected fundamental right" and neither is the right to continued public employment." See Maniscalco, 2021 U.S. Dist. LEXIS 184971, at *39. Thus, Plaintiff's claim to property rights to his job fails because it is not a fundamental property interest entitled to substantive due process protection.

                                                    Respectfully submitted,

                                                        /s/
                                                  Shinequa Charles
                                                  Assistant Corporation Counsel

cc:       Christopher Fugelsang (By ECF)
            Plaintiff, Pro Se