# GIBSON LAW FIRM, PLLC

Sujata S. Gibson, Esq.
120 E Buffalo St., Suite 2
Ithaca, New York 14850

---

March 25, 2024

**BY CM-ECF**
Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for Second Circuit
40 Foley Square
New York, NY 20007

  RE: *New Yorkers for Religious Liberty v. The City of New York*
     Case No. 22-1801

Dear Ms. O'Hagan Wolfe:

  Appellants write pursuant to Rule 28(j) to submit a decision and order in Appellant Margaret Chu's ("Ms. Chu's") unemployment case which impacts this appeal. *See attached, Matter of Margaret Chu v. City School District of New York,* Appeal Bd. 630133A. In *Matter of Chu*, the Board held that Ms. Chu "has established that her genuine and sincere religious beliefs conflicted with [the vaccine mandate]." Finding that strict scrutiny applies, the Board rescinded its prior denial and awarded Ms. Chu benefits. *Id.* at 2-3.

  The decision impacts this appeal in three ways.

  First, the decision supports Appellants' contention that their free exercise challenges are subject to strict scrutiny. Because state and local law provide a mechanism for discretionary, individualized exemption in cases of religious infringement, the mandate is not generally applicable. In *Matter of Chu*, the Board agreed that Ms. Chu's denial of benefits resulting from the same mandate should also be strictly scrutinized.

  Second, in *Matter of Chu*, the Board heard testimony and affirmed that Ms. Chu's opposition to vaccination is clearly religious in nature and

Telephone: (607) 327-4125                  Email: sujata@gibsonfirm.law

sincere, which further highlights the error in the district court's dismissal of her claims on the pleadings. This factual finding also supports Appellants' well-plead contention that the Citywide Panel applied unconstitutional criteria, denying applicants, like Ms. Chu, despite finding them sincere, because the Panel took the position that beliefs derived from religious conscience and prayer are somehow not "religious in nature" since they are gleaned from God rather than church instruction. [ECF Doc. 114 at 62]. As set forth more fully in Appellants' brief, entanglement with such inherently religious questions violates the most basic protections of both the Free Exercise and Establishment Clauses and independently triggers strict scrutiny. [*Id.*]

Last, Ms. Chu's two and a half year struggle to get unemployment benefits exemplifies why this case is not moot. Respondents continue to retaliate against the Appellants by blocking their efforts to get rehired or find employment elsewhere, and improperly contesting unemployment benefits. The consequences of the unlawful denials of accommodation continue to haunt Appellants and they require injunctive relief to stop the ongoing harm.

            Respectfully Submitted,

            */s/ Sujata S. Gibson*
            Co-counsel for the Plaintiffs

Cc: All counsel via ECF



| | STATE OF NEW YORK | |
|---|---|---|
| | **UNEMPLOYMENT INSURANCE APPEAL BOARD** | LEIGHANN BROWN |
| | PO Box 15126 | EXECUTIVE DIRECTOR |
| GERALDINE A. REILLY | Albany NY 12212-5126 | TRACIE L. COVEY |
| CHAIRMAN | (518) 402-0210 | CHIEF ADMINISTRATIVE LAW JUDGE |
| MICHAEL T. GREASON | FAX:(518) 402-6208 | CHRISTOPHER M. TATE |
| RANDALL T. DOUGLAS | | JUSTIN DENTON |
| JUNE F. O'NEILL | ***DECISION OF THE BOARD*** | MARK SOKOLOWSKI |
| MARILYN P. O'MARA | ***DECISIÓN DE LA JUNTA*** | PRINCIPAL ADMINISTRATIVE LAW JUDGE |
| MEMBERS | | |

**Mailed and Filed:** February 8, 2024

IN THE MATTER OF:               **Appeal Board No. 630133 A**

MARGARET CHU

SUJATA S GIBSON
GIBSON LAW FIRM PLLC
120 E BUFFALO ST
SUITE 2
ITHACA NY 14850

THE CITY SCHOOL DISTRICT
OF THE CITY OF NEW YORK
65 COURT ST  RM 505
BROOKLYN NY 11201-0000

DAWN FOSHEE-ASST ATTY GENERAL
NYS ATTORNEY GENERAL'S OFFICE
28 LIBERTY ST 15TH FL
NEW YORK NY 10271

EQUIFAX
3455 MILL RUN DRIVE
HILLIARD OH 43026-0000

A.S.O. - Appeals Section
Department of Labor Office: 801

A.L.J. Case No. 022-02205

**PLEASE TAKE NOTICE** that the commissioner, or any other party affected by this decision who appeared before the Appeal Board, may appeal questions of law involved in such decision to the Appellate Division of the Supreme Court, Third Department, by written notice mailed to the Unemployment Insurance Appeal Board, PO Box 15126, Albany, New York 12212-5126 within **THIRTY DAYS** from the date this decision was mailed.

**POR FAVOR TOME NOTA** que el comisionado o cualquier otra parte afectada por esta decisión que haya comparecido ante la Junta de Apelaciones puede apelar aspectos legales de dicha decisión a Appellate Division of the Supreme Court, Third Department, enviando un aviso escrito a Unemployment Insurance Appeal Board, PO Box 15126, Albany, New York 12212-5126 dentro de los **TREINTA DIAS** a partir de la fecha en que esta decisión fue enviada por correo.

DOCUMENTO IMPORTANTE. PUEDE OBTENER UNA TRADUCCIÓN DEL MISMO LLAMANDO
AL 1-888-209-8124 (FUERA DEL ESTADO DE NUEVA YORK 1-877-358-5306)

PRESENT: RANDALL T. DOUGLAS, MEMBER

The Department of Labor issued the initial determinations disqualifying the claimant from receiving benefits, effective October 2, 2021, on the basis that the claimant voluntarily separated from employment without good cause; and in the alternative disqualifying the claimant from receiving benefits, effective October 2, 2021, on the basis that the claimant lost employment through misconduct in connection with that employment. The claimant requested a hearing.

The Administrative Law Judge held a telephone conference hearing at which all parties were accorded a full opportunity to be heard and at which testimony was taken. There were appearances by the claimant and on behalf of the employer. By decision filed March 2, 2022 (A.L.J. Case No. 022-02205), the Administrative Law Judge sustained the initial determination disqualifying the claimant on the basis that she voluntarily

AB 2 (10/06)

Appeal Board No. 630133 A                                                                 Page 2

separated from employment without good cause, and overruled the initial determination of misconduct.

The claimant appealed the Judge's decision to the Appeal Board, insofar as it sustained the initial determination disqualifying the claimant from receiving benefits, effective October 2, 2021, on the basis that the claimant voluntarily separated from employment without good cause. By decision filed July 11, 2022 (Appeal Board No. 622025), the Appeal Board affirmed the March 2, 2022 decision, insofar as it was appealed.

The Appeal Board, on its motion pursuant to Labor Law § 534, has reopened and reconsidered Appeal Board No. 622025, filed July 11, 2022.

By order filed August 28, 2023, the Board remanded the case to the Hearing Section for a hearing. The Administrative Law Judge held a telephone conference hearing at which all parties were accorded a full opportunity to be heard and at which testimony was taken. There were appearances on behalf of the claimant and the Commissioner of Labor.

Based on the record and testimony in this case, the Board makes the following

FINDINGS OF FACT: The claimant was employed by a municipal school district as a remote teacher for approximately one year until October 1, 2021. On September 2, 2021, the employer notified the claimant that she was required to receive the COVID-19 vaccination by September 2 or complete a medical or religious exemption request. The employer also informed her that she would be placed on leave without pay if she did not receive the vaccine.

The claimant is a practicing Roman Catholic and regular attends Mass. One of the Church's tenants is to not act contrary to one conscience, especially in religious matters. As an adult, the claimant has not taken any medications or vaccines and has not had any surgeries. She would not take the COVID-19 vaccine if it were a matter of life or death.

The claimant completed and submitted a religious exemption request. Her request stated that abortion was morally wrong and violates the Sixth Commandment prohibiting killing, the COVID-19 vaccines contained fetal cells derived from abortions, and as such, "[i]t violated [her] Christian faith to be injected with substances that were the product of such unethical and morally repugnant process that included the use of innocent human life."

The employer denied the claimant's religious exemption request. The claimant appealed the denial. The employer again denied the request. The claimant did not become vaccinated because it violated her religious beliefs. On October 15, 2021, the employer suspended the claimant because she did not comply with the vaccine mandate.

OPINION: The record establishes that the claimant's employment ended when she chose to be separated from employment rather than comply with the employer's mandate that she receive the COVID-19 vaccination.

The Supreme Court has held that infringement upon the free exercise of religion is subject to strict scrutiny and can only be justified when there is proof of a compelling state interest (*See Sherbert v. Verner*, 374 U.S. 398 [1963]; *Thomas v. Rev. Bd. of Ind. Emp. Sec. Div.*, 450 U.S. 707 [1981]; and *Hobbie v. Unemployment Appeals Comm.*, 480 U.S. 136 [1987]). In each of those cases, the Court found that denying unemployment benefits because a claimant engaged in conduct rooted in a sincerely held religious belief violates the Free Exercise Clause of the First Amendment.

In the case at hand, the claimant has established that her genuine and sincere religious beliefs conflicted with the conduct mandated by the employer. The mandate forced the claimant to choose between her genuine belief that receiving the vaccination was a violation of her religious convictions and continuing her employment. The claimant's decision to follow her religious convictions resulted in her separation from employment. Under these circumstances, she has established a compelling reason for her failure to comply

Appeal Board No. 630133 A								Page 3

with the mandate. Accordingly, we find that she has established good cause for her voluntary separation from employment. Therefore, we find that the claimant was separated from employment under non-disqualifying circumstances.

We note that the claimant's decision to refrain from taking medication, vaccines and surgeries is not inconsistent with her reason for not receiving the COVID-19 vaccine. Further, the employer did not appear at the remand hearing to rebut the claimant's testimony and evidence.

We distinguish *Matter of Parks*, 219 AD3d 1099 [3rd Dept 2023], because in that case, the claimant refused to comply with the mandate for personal reasons. Here, the claimant has demonstrated that she has a genuine and sincerely held religious belief that compelled her noncompliance with the mandate.

DECISION: The decision of the Appeal Board is rescinded.

The decision of the Administrative Law Judge, insofar as appealed from, is reversed.

The initial determination, disqualifying the claimant from receiving benefits, effective October 2, 2021, on the basis that the claimant voluntarily separated from employment without good cause, is overruled.

The claimant is allowed benefits with respect to the issues decided herein.


RANDALL T. DOUGLAS, MEMBER

MJK:33

AB 2 (10/06)