Docket No.  No. 23-CV-8332 (LDH)(LKE)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHRISTOPHER FUGELSANG,

                                              Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK,

                                              Defendant.

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

***MURIEL GOODE-TRUFANT***
*Acting Corporation Counsel of the City of New York*

*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Shinequa Charles*
*Tel: (212) 356-2458*
*Matter No.: 2023-116374*

Shinequa Charles
Bruce Rosenbaum,
  Of Counsel.

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ......................................................................................... 2

ARGUMENT ............................................................................................................... 2

    POINT I ............................................................................................................ 2

        TO THE EXTENT THAT PLAINTIFF FAILED
        TO DIRECTLY RESPOND TO DEFENDANT'S
        ARGUMENTS CONCERNING HIS CLAIMS,
        THOSE CLAIMS SHOULD BE DISMISSED AS
        ABANDONED ............................................................................... 2

    POINT II ........................................................................................................... 3

        PLAINTIFF CONTINUES TO FAIL TO COMPLY
        WITH THE APPLICABLE NOTICE OF CLAIM
        REQUIREMENTS ......................................................................... 3

    POINT III .......................................................................................................... 4

        PLAINTIFF'S SHRL AND CHRL CLAIMS ARE
        TIME-BARRED ............................................................................ 4

    POINT IV ......................................................................................................... 4

        PLAINTIFF FAILS TO STATE A CLAIM FOR
        RELIGIOUS DISCRIMINATION UNDER TITLE
        VII, § 1983, THE SHRL AND THE CHRL ............................... 4

    POINT V ........................................................................................................... 7

        PLAINTIFF FAILS TO STATE A CLAIM FOR
        SELECTIVE ENFORCEMENT ................................................... 7

    POINT VI ......................................................................................................... 8

        PLAINTIFF FAILS TO STATE A PLAUSIBLE
        FIRST AMENDMENT RETALIATION CLAIM ...................... 8

POINT VII ........................................................................................................................ 9

    PLAINTIFF FAILS TO PLAUSIBLY PLEAD A A STIGMA PLUS OR A FRAUD IN THE INDUCEMENT CLAIM ........................................................................... 9

CONCLUSION .............................................................................................................. 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alterescu v. NY City Dept. of Educ.*,
21 Civ. 925 (KPF),2022 U.S. Dist LEXIS 151763 (S.D.N.Y. Aug. 23, 2022) ....................... 10

*Amorosi v. South Colonie Ind. Cent. School Dist.*,
9 N.Y.3d 367 (2007) ............................................................................................................ 3, 4

*Bernheim v. New York City Dep't of Educ.*,
No. 19-CV-9723 (VEC)(JLC), 2020 U.S. Dist. LEXIS 120400 (S.D.N.Y. Jul. 9, 2020) ....................................................................................................................................... 3

*Boss v. Kelly*,
306 Fed. Appx. 649 (2d Cir. 2009) .......................................................................................... 9

*Doe v. Bd. of Regents of the Univ. of Colorado*,
100 F.4th 1251 (10th Cir. 2024) .............................................................................................. 5

*Garland v. NY City Fire Dept.*,
No. 23-663, 2024 U.S. App. LEXIS 2651 (2d Cir. Feb. 6, 2024) ........................................... 6

*Groff v. DeJoy*,
600 U.S. 447 (2023) ................................................................................................................. 5

*Kane v. De Blasio*,
2022 U.S. Dist. LEXIS 154260 (S.D.N.Y. Aug. 26, 2022) ..................................................... 8

*Kane v. de Blasio*,
623 F. Supp. 3d 339 (S.D.N.Y. 2022) ..................................................................................... 6

*Smith v. N.Y.C. Dep't of Educ.*,
808 F. Supp. 2d 569 (S.D.N.Y. 2011) ..................................................................................... 3

*Sutton v. Adams*,
2024 U.S. Dist. LEXIS 86023 (S.D.N.Y. May 13, 2024) .................................................... 7, 8

*TWA v. Hardison*,
432 U.S. 63 (1977) ................................................................................................................... 5

*Velasquez v City of NY Dept. of Bldgs.*,
No. 19-cv-9687 (PKC), 2020 U.S. Dist. LEXIS 90361 (S.D.N.Y. May 22, 2020) ....................................................................................................................................... 7

*We the Patriots USA, Inc. v. Hochul*,
   17 F.4th 266 (2d Cir. 2021) ..................................................................................................6

*Williams v. Mirabal*,
   No. 11 Civ. 366 (JMF), 2013 U.S. Dist. LEXIS 6676 (S.D.N.Y. Jan. 16, 2013) ......................2

**Statutes**

NY Education Law § 3020-a ...........................................................................................................6

NY Education Law § 3813.....................................................................................................1, 3, 4

**Other Authorities**

First Amendment.....................................................................................................................2, 5, 8

Fifth Amendment ............................................................................................................................2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

CHRISTOPHER FUGELSANG,

                               Plaintiff,

        -against-                             Index No. No. 23-CV-8332 (LDH)(LKE)

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK,

                               Defendant.

------------------------------------------------------------------- x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

Plaintiff, a former Special Educational Teacher employed by the New York City Department of Education ("DOE"), brings this action pro se in connection with the decision by the DOE to deny Plaintiff's request for a religious exemption from the mandate to be vaccinated against COVID-19 and the subsequent decision to terminate his employment because of his failure to be vaccinated. Defendant moved to dismiss Plaintiff's Complaint on the grounds that (1) Plaintiff failed to comply with applicable notice of claim requirements in connection with his state law claims; (2) Plaintiff's claims are time-barred in part; and (3) Plaintiff has otherwise failed to plead any plausible claims.

In opposition, Plaintiff largely fails to directly address Defendant's arguments in support of dismissal. To the extent Defendant can glean from pro se Plaintiff's opposition, Plaintiff erroneously contends either that he did not have to comply with the notice of claim requirements regarding his SHRL and CHRL claims or that he timely complied. He also erroneously contends that Education Law § 3813 does not apply to his SHRL and CHRL claims. Plaintiff also contends

that he has plausibly alleged religious discrimination, failure to accommodate, a procedural due process claim, a selective enforcement claim under the Equal Protection Clause and a First Amendment retaliation claim. However, the Court should find that these arguments are without merit and that they fail as a matter of law.

Accordingly, for the reasons set forth below and those set forth in Defendant's initial moving papers, the Court should grant Defendant's motion to dismiss the Complaint in its entirety.

## STATEMENT OF FACTS

For a statement of material facts, Defendant respectfully refers the Court to its statement of facts set forth in its July 12, 2014, moving papers. *See* Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint ("Def. Memo.") at pp. 2-4.

## ARGUMENT

### POINT I

### TO THE EXTENT THAT PLAINTIFF FAILED TO DIRECTLY RESPOND TO DEFENDANT'S ARGUMENTS CONCERNING HIS CLAIMS, THOSE CLAIMS SHOULD BE DISMISSED AS ABANDONED

Plaintiff's opposition memorandum of law is not the paradigm of clarity. However, to the extent that Plaintiff failed to respond directly to Defendant's grounds for dismissal of Plaintiff's specific claims, *e.g.*, Plaintiff's Fifth Amendment claim, those claims should be deemed abandoned by the Court. *See Williams v. Mirabal*, No. 11 Civ. 366 (JMF), 2013 U.S. Dist. LEXIS 6676, at *4 (S.D.N.Y. Jan. 16, 2013) (A court "may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.").

## POINT II

### PLAINTIFF CONTINUES TO FAIL TO COMPLY WITH THE APPLICABLE NOTICE OF CLAIM REQUIREMENTS

In opposition to Def. Memo. Point I which argued that Plaintiff's SHRL and CHRL claims should be dismissed for failure to comply with applicable notice of claim requirements, Plaintiff appears to contend that a notice of claim is not required as a condition precedent to assert federal claims such as those he raises under § 1983. *See* Pl. Opp., Point I.

However, Defendant never argued that Plaintiff failed to comply with the applicable notice of claim requirements regarding his § 1983 claims. *See* Def. Memo., Point I at pp. 4-5. Rather, Defendant argued that, with respect to his claims under the SHRL and the CHRL, as well as his putative tort claims, Plaintiff failed to timely comply with applicable notice of claim requirements set forth in NY Education Law § 3813. Although Plaintiff erroneously claims that Education Law § 3813 notice of claim requirements do not apply to his SHRL and CHRL claims against the DOE, he relies upon cases that were decided prior to *Amorosi v. South Colonie Ind. Cent. School Dist.*, 9 N.Y.3d 367, 373 (2007). In *Amorosi*, the Court of Appeals held that the one-year statute of limitations set forth in Education Law § 3813(2-b) applied to SHRL/CHRL claims against the DOE, not the three-year statute of limitations that some courts had previously held. *Id.* at 373; *Bernheim v. New York City Dep't of Educ.*, No. 19-CV-9723 (VEC)(JLC), 2020 U.S. Dist. LEXIS 120400, at *9 (S.D.N.Y. Jul. 9, 2020).

This notice requirement applies to all state and municipal claims, including "to causes of action sounding in discrimination, retaliation, and defamation." *Smith v. N.Y.C. Dep't of Educ.*, 808 F. Supp. 2d 569, 578 (S.D.N.Y. 2011) (collecting cases). As explained in Def. Memo., Point I at pp. 4-5, Plaintiff did not file a notice of claim until January 23, 2023, over ten

3

months after his termination on March 17, 2022. *See* Exhibit 2 annexed to Charles Decl. Plaintiff failed to file a timely notice of claim within ninety days of when his claims arose, let alone plead compliance—which is a condition precedent to suit. Thus, Plaintiff's SHRL and CHRL claims must be dismissed.

## POINT III

### PLAINTIFF'S SHRL AND CHRL CLAIMS ARE TIME-BARRED

New York Education Law § 3813 has a one-year statute of limitation for non-tort claims against the DOE. *See* N.Y. Educ. Law §§ 3813(1) and 3813(2-b); *Amorosi v. South Colonie Ind. Cent. School Dist.*, 9 N.Y.3d 367, 373 (2007). Plaintiff commenced this action on November 9, 2023. Therefore, all SHRL and CHRL claims against DOE based on events that occurred prior to November 9, 2022 are time-barred. All of Plaintiff's claims accrued prior to that date: he was terminated effective March 17, 2022 and he alleges that a problem code was placed in the DOE database prior to January 20, 2022. *See* Plaintiff's Exhibit J. Accordingly, all of Plaintiff's SHRL and CHRL must be dismissed.

## POINT IV

### PLAINTIFF FAILS TO STATE A CLAIM FOR RELIGIOUS DISCRIMINATION UNDER TITLE VII, § 1983, THE SHRL AND THE CHRL

Defendant argued in its initial memorandum of law that, even assuming without conceding, for the purpose of this motion to dismiss only, that Plaintiff had plausibly alleged a sincerely held, bona fide religious belief in connection with his application for a religious exemption from the vaccine mandate, the DOE could not have accommodated Plaintiff without

4

suffering an undue hardship under Title VII, § 1983, the SHRL and the CHRL. *See* Def. Memo., Point IIIB at pp. 7-10.

In opposition, Plaintiff seems to rely on a court decision from a different jurisdiction, *Doe v. Bd. of Regents of the Univ. of Colorado*, 100 F.4th 1251 (10th Cir. 2024), to suggest that the DOE has not demonstrated that it would suffer an "undue hardship" or "undue burden" by allowing Plaintiff to continue teaching without having received a COVID-19 vaccination. *See* Pl. Opp., Point III at 7-8. However, reliance on *Doe* is misplaced. *Doe* involved Free Exercise claim under the First Amendment which arose from a challenge to the denial of religious exemptions from the University's COVID-19 vaccine mandate for employees and students in which plaintiffs sought to enjoin the University's COVID-19 vaccine mandate as applied to them. The court held that the University could not grant exemptions for some religions, but not others, because of differences in their religious doctrines or its views about the legitimacy of a religious belief as a proxy for whether such belief is sincerely-held, nor grant secular exemptions on more favorable terms than religious exemptions. This out-of-jurisdiction case is inapposite. As noted in Defendants motion papers, Plaintiff did not plead that he was subjected to differential treatment as compared to other individuals with different religious beliefs. The 10th Circuit's decision simply does not address the question at issue here: whether the DOE's grant of a religious exemption to Plaintiff would have caused the DOE to suffer an undue hardship within the meaning of Title VII and the other anti-discrimination statutes upon which Plaintiff relies.

Rather, as Defendant explained in its initial memorandum of law, the Supreme Court clarified the Title VII "undue-hardship" standard for accommodating religious accommodation requests that had previously been established many years earlier in *TWA v. Hardison*, 432 U.S. 63 (1977). *See Groff v. DeJoy*, 600 U.S. 447, 468, 471, 472 (2023). As

5

Defendant has explained previously, the Position Statement by the DOE submitted to the Citywide Appeal Panel, Def's Exhibit 5, without a doubt establishes that it would have been an undue hardship at the height of the pandemic for the DOE to grant Plaintiff, a special education classroom teacher, an exemption from the vaccine mandate. *See* Def. Memo. Point IIIB at pp. 7-10; Complaint Exhibit H, ECF Dkt. No. 1 at 71; Exhibit 5 annexed to the Charles Decl.

Plaintiff's suggestion in Point IV of his opposition that he could have been accommodated without an undue hardship by assigning Plaintiff to non-teaching administrative duties outside of a classroom, derisively called by some teachers as being assigned to the "rubber room," is clearly specious. First, the DOE will sometimes temporarily reassign tenured teachers who have been served with disciplinary charges under Education Law § 3020-a to administrative duties outside of the classroom in situations where the proposed charges render it inappropriate for the teacher to remain having contact with students pending adjudication of the charges. In contrast, Plaintiff, having failed to comply with a condition of employment, had no entitlement to the due process protections of § 3020-a. Courts in this Circuit have found that vaccination against COVID-19, including the vaccine mandate, is a lawful condition of employment. *See, e.g., We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 294 (2d Cir. 2021) (holding that vaccination against COVID-19 was a proper condition of employment for healthcare workers); *Garland v. NY City Fire Dept.*, No. 23-663, 2024 U.S. App. LEXIS 2651, at *7 (2d Cir. Feb. 6, 2024) ("Both this court and many New York state courts have held that vaccination is a 'condition of employment.'"). Secondly, it is critical to weigh decisions based on the circumstances at that time. Assigning an unvaccinated employee to work with other employees and with students would be unsafe. Importantly, the purpose of the vaccine mandate was to ensure the safety of those within its educational environment. *See Kane v. de Blasio*, 623 F. Supp. 3d 339, 348, 354 (S.D.N.Y. 2022).

## POINT V

### PLAINTIFF FAILS TO STATE A CLAIM FOR SELECTIVE ENFORCEMENT

In his opposition, Plaintiff fails to rebut Defendant's arguments that Plaintiff has failed to plead any fact that shows another religion, similarly situated, received more lenient treatment. Nor does Plaintiff plead that he was subjected to differential treatment as compared to individuals who requested an exemption based on different religious beliefs. *See* Def. Memo. Point IV at 12-14; *Velasquez v City of NY Dept. of Bldgs.*, No. 19-cv-9687 (PKC), 2020 U.S. Dist. LEXIS 90361, at *8 (S.D.N.Y. May 22, 2020).

Plaintiff cites to the Mayor's Executive Order 62, which exempted certain segments of the City's population from the Covid vaccine mandate. *See* Pl. Memo. Point V at 23. However, this comparison does not undermine the rationality of treating City employees differently than other segments of the population regarding a vaccine mandate. Moreover, "both [the Second Circuit] and the Supreme Court have consistently recognized that the Constitution embodies no fundamental right that in and of itself would render vaccine requirements imposed in the public interest, in the face of a public health emergency, unconstitutional." *See*, *e.g.*, *Sutton v. Adams*, 2024 U.S. Dist. LEXIS 86023, at *9 (S.D.N.Y. May 13, 2024) (holding that the vaccine mandate applied equally to all City employees, that the plaintiff did not allege that Defendants treated him selectively as compared to other City employees and that the private sector employees comparators did not have an "extremely high degree of similarity" or a "reasonably close resemblance" to plaintiff). Under the rational basis standard, "legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *Id.* at *10. Here, the vaccine mandate has consistently passed the rational basis test. The Defendant had a legitimate interest in protecting its employees and students from the spread of

COVID-19 and in keeping schools open for in-person instruction. For this reason, "[t]he City's Executive Orders requiring vaccination for subsets of City workers have been challenged unsuccessfully in this Circuit." *Id.* at *9.

As courts have observed, the fact that the vaccine mandate applied to people who work in New York City public schools and not to professional athletes is of no moment. *See Kane v. De Blasio*, 2022 U.S. Dist. LEXIS 154260, at *25 (S.D.N.Y. Aug. 26, 2022). Indeed, "it is obvious that New Yorkers may choose whether to attend a sporting event with unvaccinated athletes and accept whatever risk those athletes pose. In contrast, school attendance is not a similar choice, and the risk posed by unvaccinated teachers is obvious. *Id*. Further, Petitioner is not challenging the validity of Executive Order 62 or the City-wide vaccine mandate.

Thus, Plaintiff has failed to allege a claim for selective enforcement and this claim must be dismissed.

## POINT VI

### PLAINTIFF FAILS TO STATE A PLAUSIBLE FIRST AMENDMENT RETALIATION CLAIM

In his opposition, Plaintiff now contends that he "engaged in speech protected by the First Amendment, namely discussing his religious beliefs, that he suffered an adverse employment action, and that a causal connection between the two existed." *See* Pl. Memo. Point VI at 24. While Plaintiff's complaint and opposition are devoid of any allegation that he engaged in such protected speech, except to explain the reason for request to be exempt from the vaccine mandate, Plaintiff fails to state a plausible claim that he was terminated because of the "speech" and not because he failed to comply the vaccine mandate as a lawful condition of employment. Thus, Defendant did not retaliate against Plaintiff because he engaged in protected speech and Plaintiff's claim must be dismissed.

8

## POINT VII

## PLAINTIFF FAILS TO PLAUSIBLY PLEAD A A STIGMA PLUS OR A FRAUD IN THE INDUCEMENT CLAIM

The second Point "IV" in Plaintiff's opposition seems to allege that he has plausibly pleaded deprivation of his liberty interest in his good name without due process. Plaintiff also seems to allege a claim for "fraud in the inducement." *See* Pl. Memo. at 25-26. He claims that "Defendant committed fraud on the employees who applied for religious exemptions starting in 2020, when the Defendant made a secret deal with the UFT to change the terms of employment as well as the articles in the contract (CBA) for employees without these issues ever being brought to any employee, including Plaintiff. (Exhibit Q)." He then claims that Defendant then gave, reluctantly, false hope to more than 1000 employees as they were told they could apply for religious exemptions from first the Scheinman SAMS Arbitrators, and then the Citywide Panel. *See* Pl. Memo. at 25-26.

Of course, the UFT was the recognized bargaining representative for Plaintiff and all other teachers employed by the DOE which tried to negotiate with the DOE the procedures for implementation of the vaccine mandate. When those negotiations reached an impasse an arbitration on the impasse resulted in Arbitrator Scheinman's September 10, 2021 Impasse Award. *See* Def. Memo. at 2-3. There was no "secret deal." Further, any putative stigma plus claim fails because Plaintiff was given multiple opportunities to "clarify and particularize his sincere religious beliefs," with the DOE, the independent arbitrator, and the Citywide Panel. *See* Exhibits 4, 6, 7 annexed to the Charles Decl. Second, Plaintiff fails to plausibly plead a "stigma," i.e. a statement about him that is injurious to his reputation, that is false and a "plus," which is "some tangible and material state-imposed burden in addition to the stigmatizing statement." *See Boss v. Kelly*, 306

9

Fed. Appx. 649, 651 (2d Cir. 2009) (summary order) (quoting *Velez v. Levy*, 401 F.3d 75, 87 (2d Cir. 2005)). *See also* Def. Memo. at 19-20. Plaintiff appears to now rely upon inadmissible hearsay articles on the website of a putative advocate for teachers, *see* Pl. Memo. at 26, and an attorney declaration submitted in another case, see Plaintiff's Exhibit T, to suggest that the problem code information contained in the DOE's database is disclosed outside of the DOE – it is not. *See Alterescu v. NY City Dept. of Educ.*, 21 Civ. 925 (KPF), 2022 U.S. Dist. LEXIS 151763, at *25, n.7 (S.D.N.Y. Aug. 23, 2022). In any event, there can be no dispute that the statement that Plaintiff was terminated for failure to comply with the vaccine mandate was true.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in its initial moving papers, Defendant respectfully request that this Court grant its motion to dismiss the Complaint in its entirety and deny the relief requested therein, together with such other and further relief as this Court deems just and proper.

Dated:	New York, New York
	August 27, 2024

**MURIEL GOODE-TRUFANT**
Acting Corporation Counsel of the
  City of New York
Attorney for Defendant
100 Church Street
New York, New York 10007
(212) 356-2458
shcharle@law.nyc.gov

By:   /s/ Shinequa Charles
         Shinequa Charles
         Assistant Corporation Counsel

Shinequa Charles
Bruce Rosenbaum,
  Of Counsel.