

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Shinequa Charles**
Labor and Employment Law Division
phone: (212) 356-2458
email: shcharle@law.nyc.gov

July 8, 2025

**Via ECF**
Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza E.
Brooklyn, NY 11201

      Re:  <u>Fugelsang v. The Department of Education of the City of New York</u>
           23-CV-8332 (LDH)(LKE)

Dear Judge DeArcy Hall:

      I am an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New Yor, and I am assigned to represent Defendant the New York City Department of Education ("DOE") in the above-referenced matter. I write in opposition to Plaintiff letter motion dated May 30, 2025, requesting that this Court grant leave to file an amended complaint. *See* ECF Dkt. No. 21. For the reasons set forth herein, Defendant respectfully requests that the Court deny Plaintiff's motion for leave to amend the Complaint, as amendment would be futile.

      *Pro Se* Plaintiff, a former Special Education Teacher employed by the DOE, brings this action in connection with the decision by the DOE to deny Plaintiff's request for a religious exemption from the mandate to be vaccinated against Covid-19 and the subsequent decision to terminate his employment because of his failure to be vaccinated. Plaintiff asserts claims for religious discrimination and denial of an accommodation under Title VII, the New York State Human Rights Law ("SHRL"), and the New York City Human Rights Law ("CHRL"). Plaintiff also brings claims under 42 U.S.C. §§ 1981, 1983, alleging violations of the First, Fifth, and Fourteenth Amendments to free speech, free exercise of religion, equal protection, and due process.

      By Memorandum and Order dated March 31, 2025 (the "Decision"), the Court granted Defendant DOE's motion to dismiss the Complaint in its entirety. *See* ECF Dkt. No. 16. Specifically, the Court held that: (1) Plaintiff failed to establish that his termination was motivated by discriminatory intent, as Plaintiff did not plead facts to show that he was singled out for differential treatment based on his religious beliefs, and thus did not state a claim for religious discrimination; (2) Defendant could establish an undue hardship warranting dismissal of Plaintiff's Title VII claims; (3) Plaintiff failed to state a claim for selective enforcement; (4) Plaintiff did not allege any facts suggesting the Covid-19 vaccine mandate targeted specific religious conduct for distinctive treatment, warranting dismissal of Plaintiff's First Amendment claim; (5) Plaintiff

failed to state a cause of action for his due process and stigma-plus claims; and (6) the Court declined to exercise supplemental jurisdiction over Plaintiff's SHRL, CHRL, and state law fraud in the inducement claims.

On April 11, 2025 (ECF Dkt. No. 16), Plaintiff moved for reconsideration of the Court's Decision; and by Order on the docket dated April 30, 2025, the Court denied Plaintiff's motion for reconsideration on the grounds that Plaintiff "points to no change in the controlling law, new evidence, nor a need to correct clear error or prevent manifest injustice." The Court also ordered that if Plaintiff seeks to amend his Complaint, he must file a motion within 30 days, seeking leave to amend, with the proposed Amended Complaint attached as an exhibit. The Court further directed that Plaintiff's "motion should explain how the proposed Amended Complaint addresses the pleading defects…." On May 30, 2025, Plaintiff filed a letter motion seeking leave to amend with a proposed Amended Complaint attached. However, Plaintiff's motion for leave to amend should be denied a futile – Plaintiff's 120-page proposed Amended Complaint is nearly identical to the original Complaint and thus fails to cure any of the pleading deficiencies set for forth in the Court's Decision.

### A. <u>Leave to Amend Should Be Denied as Futile</u>

A motion seeking leave to amend the complaint should be denied where there exists undue delay, bad faith, futility, undue prejudice to the non-moving party, or repeated failure to cure deficiencies by previous amendments. *See Klinkowitz v. Jam. Hosp. Med. Ctr.*, No. 20 Civ. 4440 (EK)(SJB), 2022 U.S. Dist. LEXIS 49594, *10 (E.D.N.Y. Mar. 17, 2022) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Plaintiff's Proposed Amended Complaint utterly fails to remedy the failures of the operative Complaint and is thus futile. In Plaintiff's proposed Amended Complaint, he names the same defendants and alleges the same facts as in the original Complaint. Indeed, the proposed Amended Complaint and the original Complaint are virtually identical. The only difference in the proposed Amended Complaint is that Plaintiff does not repeat certain details pled in the original Complaint; Plaintiff adds some facts in paragraph 27 of the proposed Amended Complaint; and Plaintiff pleads some additional facts about the construction of the COVID-19 vaccine mandate. As such, the proposed Amended Complaint does not cure the deficiencies identified in the Court's March 31, 2025, Decision an order of dismissal. Nor does Plaintiff's letter motion seeking leave to amend explain how the proposed Amended Complaint cures the pleading defects as instructed by this Court.

Indeed, the proposed amended complaint suffers from the same shortcomings as the original pleading. Plaintiff again alleges that he was terminated for his religious beliefs, denied a § 3020-a hearing, that the vaccine mandate was not a term of employment, and that he was stigmatized. *See* proposed amended complaint ¶¶ 28, 30, 31, 37, 39. Plaintiff relies on the same facts and fails to present any new information to support his employment-related claims. *Compare* ECF Dkt No. 1 and ECF Dkt No. 21, Proposed Amended Complaint. Accordingly, the Court should again dismiss the complaint for the same reasons set forth in its March 31, 2025 decision and in Defendants' motion to dismiss. The proposed amended complaint, therefore, does not include any additional bases for relief, is functionally equivalent to the original complaint and should be dismissed as futile. *See Selimovic v S. Side Assoc. LLC,* No. 16-CV-298 (RRM) (ST), 2019 U.S. Dist. LEXIS 53120, at *6 (E.D.N.Y. Mar. 27, 2019*); Romero v. Smalls*, No. 23-CV-

3706 (LTS), 2023 U.S. Dist. LEXIS 150859, at *4 (S.D.N.Y. Aug. 28, 2023) (dismissing amended *pro se* complaint with prejudice after failure to cure defects identified in original complaint). Because Plaintiff has failed to show how the proposed amended complaint cures any defects in his original complaint, the Court should decline to grant Plaintiff leave to amend and should dismiss the case in its entirety with prejudice. *See Wright v. Bronx Crim. Ct.*, No. 24-CV-7923 (LTS), 2025 U.S. Dist. LEXIS 74743, at *4–5 (S.D.N.Y. Apr. 16, 2025).

### 1. Plaintiff Fails to State a Claim for Religious Discrimination

In Plaintiff's proposed Amended Complaint, he adds the allegation that Assistant Principal R.F., on appeal, was granted an accommodation from taking the vaccine. *See* proposed Amended Complaint ¶ 27. Like himself, Plaintiff alleges that Assistant Principal R.F. is a Christian. *See* Exhibit E, Letter dated September 13, 2021[1]; *See* Exhibit, Letter stated October 24, 2021 addressed to NYC Department of Education.[2] Both Plaintiff and Assistant Principal R.F. was denied an exemption and given a chance to appeal. *See* Exhibits 1, 2. If accepted as true, this allegation weakens, rather than supports, any suggestion of discriminatory intent since the similarly situated employee here, Assistant Principal R.F., who also identified as Christian, was granted an exemption after appealing to the Citywide Panel. *See Devita*, 2024 U.S. Dist. LEXIS 107575, at *13. Such allegations demonstrate that the DOE did not discriminate against those who requested an exemption from the Covid-19 vaccine mandate based on their Christian religious beliefs. Although Plaintiff alleges in a conclusory manner that "DOE approved or denied religious appeals randomly and had no set criteria or standard and certainly did not comply with Title VII or Human Rights" (proposed Amended Complaint ¶ 27), such conclusory allegations fail to plausibly establish an inference of discrimination here. Thus, Plaintiff has failed to prove a religious discrimination claim, as Plaintiff was terminated not because of his Christian beliefs, but because he failed to take the vaccine when his request for an accommodation was denied.

### 2. Plaintiff Fails to State a Claim for Selective Enforcement

Plaintiff's selective enforcement claim fails for the same or similar reasons as his failure to establish an inference of discrimination for his discrimination claims. *See Mora v NY State Unified Ct. Sys.*, No. 22 CV 10322 (VB), 2023 U.S. Dist. LEXIS 166411, at *31 (S.D.N.Y. Sep. 19, 2023)(a plaintiff must plausibly allege:…such selective treatment was *based on* impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person). Plaintiff was not treated differently than Assistant Principal R.F. as both Christians were able to apply for an exemption, denied and a given an opportunity to appeal the decision. *See* proposed Amended Complaint ¶ 33. Indeed, Plaintiff has failed to plead sufficient facts to establish that he was treated differently *because of* his religious beliefs. Nor does Plaintiff plead that he was subjected to differential treatment as compared to the other individuals of other religions that requested a religious accommodation. *See Velasquez v City of NY Dept. of Bldgs.*, No. 19-CV-9687 (PKC), 2020 U.S.

---

[1] While Plaintiff does not have exhibits labeled, it is presumed that Plaintiff relies on this document for Exhibit E as it is the only one that mentions assistant Principal R.F.

[2] This letter is an unmarked exhibit attached to Plaintiff proposed Amended Complaint.

Dist. LEXIS 90361, at *8 (S.D.N.Y. May 22, 2020). Thus, Plaintiff has failed to state any claims and his religious discrimination as well as his selective enforcement claims, which should be dismissed.

        For the foregoing reasons, Defendants respectfully request that the court deny Plaintiff leave to file an amended complaint and dismiss Plaintiff's Complaint in its entirety with prejudice.

                                        Respectfully submitted,
                                            /s/
                                        Shinequa Charles
                                        Assistant Corporation Counsel

cc:      Christopher Fugelsang (By ECF)
          Plaintiff, Pro Se