*** Filed ***
04:51 PM, 28 Jul, 2025
U.S.D.C., Eastern District of New York

# CHRISTOPHER FUGELSANG
216 Beach Breeze Place
Apt. #2
Averne, NY 11692
cfugelsang@gmail.com

**BY ECF**

Hon. LaShann DeArcy Hall
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

July 27, 2025

**RE: Fugelsang v The Dep't of Educ. of the City of New York – letter REPLY
DOCKET NO. 23-cv-08332**

Dear Judge Hall:

I am the Plaintiff pro se in the above referenced matter. I am writing this REPLY in response to the Defendant's opposition to my letter motion to amend my Complaint.

Defendant bears the burden of establishing a good reason for the denial of a motion to amend. Defendant has failed to meet this burden. In the case Hogan, et al v. City of New York et al, EDNY 1:23-cv-08727-RERPK currently proceeding in this Court, Plaintiffs were allowed to file an Amended Complaint after the City Law Department's arguments similar to the same claims made in Defendant's letter opposition here, were denied. The Court should do the same here and allow me to file an Amended Complaint so that my case may proceed to discovery.

I submitted an Amended Complaint to this Court in a timely fashion, without bad faith, and with valid new facts proving Defendant's blatant denial of Constitutional rights to a fair hearing and an accommodation of my sincere religious beliefs. I should be given the chance to proceed with my new evidence in my Amended Complaint, and go to next steps in my case to discovery. Defendant's statement that "A motion seeking leave to amend the complaint should be denied where there exists undue delay, bad faith, futility, undue prejudice to the non-moving party, or repeated failure to cure deficiencies by previous amendments (Klinkowitz v. Jam. Hosp. Med. Ctr., No. 20 Civ. 4440 (EK)(SJB), 2022 U.S. Dist. LEXIS 49594, *10 (E.D.N.Y. Mar. 17, 2022) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)) is not relevant here.

I am pro se in this matter and I continue to do my due diligence research into the facts that removed me from a job that I loved. Please see the case Ruscelli v The Department of Education of the City of New York, 1:23-cv-07475-AMD-MMH where the Plaintiff requested time for an Amended Complaint and the Judge agreed, pursuant to Federal Rule 15(a). (ORDER re-opening case 10/1/2024).

The Defendant makes false claims in their letter opposing the submission of an Amended Complaint, and these claims include:

1. that the denials of accommodation were neutral and generally applicable;
2. that the COVID Vaccine Mandate changed the terms of my employment.
3. that they did not violate the Establishment Clause by adopting facially discriminatory criteria for judging religious objections;
4. that the religious accommodation process did not trigger strict scrutiny;
5. that the City did not engage in discrimination by inconsistently applying religious accommodation policies or denying exemptions based on arbitrary or pretextual grounds or applying and encouraging discriminatory criteria;
6. that the Citywide Panel used permissible criteria to deny my religious accommodation requests;
7. that Defendant appropriately applied the standard of "undue hardship" to my denial of a religious accommodation;
8. that the City's accommodation policies complied with statutory requirements.

This case arose because the City, working in concert with the Defendant, engaged in blatant, widespread and open religious discrimination in an effort to avoid accommodating religious objections to their controversial vaccine mandate and experimental Covid-19 vaccine. As a result of several lawsuits, the City was forced to amend the mandate to provide that it did not preclude religious accommodation, and the DOE and the City were forced to adopt a religious accommodation policy which came to be applied as Constitutional in name only. The Citywide Panel was a sham.

As applied, the COVID Vaccine Mandate ("CVM") and it's policies were discriminatory and unconstitutional, and were thrown into the trash by the Court of Appeals in *Kane v. de Blasio*, 19 F.4th 152, 167-170 (2d Cir. 2021) in November 2021. Defendant's requests to deny me an Amended Complaint is nothing more than an attempt to get the Court to dismiss my case in order to hide the truth of the hoax and corruption that put hundreds, if not thousands, of NYC public employees like me and including me, out of work. Indeed, I also have included in my Amended Complaint new information on how the vaccine protected no one, and could/did not stop the spread of the virus.

I have submitted in my proposed Amended Complaint the information given by the creator of the Panel Mr. Eric Eichenholtz. He and others not only did not review the submissions made to the Panel by me and others, but could not validate what an "undue hardship" my continued employment would cause the Defendant. Mr. Eichenholtz assisted with the drafting of this provision, even though he and the City were on notice from the Kane proceedings that personally held religious beliefs are just as protected as those that are decreed by orthodoxy.

The Citywide Panel was an appeal forum only, set up to supposedly "review" the denials by the Scheinman Arbitrators. But from the Eichenholtz transcript this Court can see that the Panel members could not validate the denials of those arbitrators. Thus, Defendant had to mitigate the damage by upholding all the denials by using a "de minimis" standard to "undue hardship" assessments (which is also a violation of Groff v Dejoy), and/or continued application of

discriminatory criteria. The determinations were, therefore, pretextual. Defendant has given no explanation why RF, and approximately 169 other DOE employees, were approved as to their religious accommodation requests and I was not.

I am a permanent public employee and is covered by Civil Service Law §75(b): New York Consolidated Laws, Civil Service Law - CVS § 75-b. Retaliatory action by public employers. According to Civil Service Law §75-(b):

" 2. (a) A public employer shall not dismiss or take other disciplinary or other adverse personnel action against a public employee regarding the employee's employment because the employee discloses to a governmental body information: (i) regarding a violation of a law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety; or (ii) which the employee reasonably believes to be true and reasonably believes constitutes an improper governmental action. "Improper governmental action" shall mean any action by a public employer or employee, or an agent of such employer or employee, which is undertaken in the performance of such agent's official duties, whether or not such action is within the scope of his employment, and which is in violation of any federal, state or local law, rule or regulation."

Another point I make in my Amended Complaint is that I have a Constitutional and protected right to a fair hearing on my religious beliefs which were tagged onto my fingerprints and personnel file as "misconduct". I was given a "Problem Code" or "No Hire" title. The damage to my character and career is ongoing. Education Law Section 3020 and 3020-a mandates a hearing before termination when or if an employee of the Department is charged with misconduct, as I was when I asked for an accommodation. This is protected law and public policy in New York State.

I have obtained the transcript of Katherine Rodi in a PERB litigation 2015, where she describes the process supposedly used to problem-code DOE employees. Rodi is the Director of employee Relations at the DOE and is in charge of flagging employees accused of misconduct. The procedures she cites in her deposition are not similar to the unilateral placement on my files. No one at the DOE will tell me how or why I have been given the Problem Code. No process exists to get off of the Code, either, and this is a violation of my due process rights. The implementation of a flag such as this, that blocks me from employment at the DOE, is unconstitutional. There is no settled law on this issue in this Court. I have set forth a prima facie case of discrimination because the allegations viewed in a light most favorable to me shows that I was terminated because of my sincere religious beliefs. Lowman v. NVI LLC, 821 Fed. Appx. 29, 31 (2d Cir. 2020); see also Offor v. Mercy Med. Ctr., 167 F. Supp. 3d 414, 429 (E.D.N.Y. 2016).

Here, a protected right was discarded, and a hearing never took place that fairly reviewed my religious Appeal. Instead, the DOE employed discriminatory policies rather than good faith review to restrict accommodations. Additionally, NYC DOE delivery people, school bus drivers, as well as food servers were exempt from Defendant's COVID mandate. None of these people were included in the order to get vaccinated or get fired.

3

Your Honor seems to rely on the premise that the mandate was rational as a matter of law, thereby concluding that my Complaint must be dismissed. The Federal Courts are now turning away from this ruling.

A recent ruling in the Ninth Circuit overruled the district court's determination that there is a legitimate government interest in mandating a vaccine that cannot stop the spread of disease, and that the police powers of the State do not apply to personal medical choices which the government is not at liberty to infringe without strict scrutiny. See Health Freedom Def. Fund, Inc., v. Carvalho, No. 22-55908, 2024 WL 2873372 (9th Cir. June 7, 2024).

Thus a previous federal standard set in Jacobson v Massachusetts (197 U.S. 11, 31, 25 S. Ct. 358, 363, 49 L.Ed.643 (1905)) no longer applies, as decided by the scientific community in agreement that the COVID vaccine does not provide immunity for anyone. "[I]f a statute purporting to have been enacted to protect the public health, the public morals or the public safety, has no real or substantial relation to those objects, or is, beyond all question, a plain, palpable invasion of rights secured by the fundamental law, it is the duty of the courts to so adjudge, and thereby give effect to the Constitution."

It is my understanding that according to Federal Rules of Civil Procedure, my evidence and allegations that the vaccine does not prevent the spread of COVID-19 should be accepted as true. To the extent that there is a dispute about whether unvaccinated employees are more likely to spread COVID-19, or whether the Defendant was unable to mitigate the risk without undue hardship, I still should be given the right to proceed with my Amended Complaint at this stage.

In conclusion, there is no reasonable interpretation of the actions by Defendant alleged within the Amended Complaint that could or should be excused as negligence or mistake. Defendant's actions were intentional and their motive in submitting false information – or at least misleading or outdated information - was to remove me from the dwindling payrolls of the City without honoring any of my Constitutional rights.

Defendant's Opposition to my Motion must be denied in full, and my Amended Complaint should be granted in full so that I may proceed in my quest in this Court to get my true justice after the harm I have suffered.

Dated: July 27, 2025

/s/Christopher Fugelsang
Plaintiff Pro Se